[Sac. No. 1005.   In Bank.—March 27, 1903.]

### W. L. WILLIAMS, Respondent, v. ESTELLA BAGNELLE, School Superintendent of Madera County, Appellant.

SCHOOL LAW—WARRANT FOR SALARY OF TEACHER—MANDAMUS TO SUPERINTENDENT.—Where the school trustees have drawn a warrant for the salary of a teacher, and the county superintendent refuses to issue a requisition upon it, *mandamus* will lie to compel its issuance.

ID.—APPEAL TO STATE SUPERINTENDENT.—Under section 1699 of the Political Code, the right of appeal to the state superintendent is limited to a case where the school trustees have refused to issue a warrant.

ID.—EMPLOYMENT OF TEACHER FOR A "YEAR."—A contract of employment of a school teacher for a "year," imports, in the absence

of anything to the contrary, employment for a school year, beginning on the first day of July and ending on the last day of June.

ID.—CONTRACT OF EMPLOYMENT—YEARLY SALARY—MISCALCULATION OF TRUSTEES—TEACHER NOT PREJUDICED.—Where the contract of employment was to teach for a year at a salary of one thousand dollars, without making provision for monthly payments, and the trustees, assuming that the school would last nine months, divided the salary into nine monthly payments, but the school in fact continued for only eight months, the teacher cannot be held responsible for the miscalculation of the trustees, and their error cannot deprive the teacher of the other ninth part of his salary, being the balance due on the yearly payment.

ID.—PROVISIONS OF CODE NOT MANDATORY—FORMAL DEFECTS IN WARRANT—PUBLIC DUTY.—The provisions of section 1543 of the Political Code should not be considered as mandatory to defeat the teacher's claim to the unpaid portion of his salary, for informalities or formal defects in the warrant over which the teacher had no control. When a public duty is imposed, and the statute requires it to be performed in a certain manner or within a certain time, or under specific conditions, its prescriptions may be regarded as directory only, when injustice or inconvenience would result to those having no control over the exercise of the duty, if the requirements were essential and imperative.

APPEAL from a judgment of the Superior Court of Madera County. M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

R. R. Fowler, and W. H. Larew, for Appellant.

Francis A. Fee, for Respondent.

LORIGAN, J.—From a judgment awarding plaintiff a peremptory writ of mandate against defendant, as superintendent of schools of Madera County, requiring her to draw a requisition in favor of plaintiff for a balance due him for salary as school-teacher, under a contract with the school trustees of Madera school district, the defendant appeals.

The school trustees had drawn their warrant in his favor for this balance, but defendant refused to issue a requisition upon it, and urges on this appeal, against the judgment,—1. That plaintiff is not entitled to invoke a writ of mandate, as he has a plain, speedy and adequate remedy at law by appeal to the state superintendent of public instruction from her

refusal; 2. That the contract to teach entered into between plaintiff and the trustees was invalid; and 3. That the warrant of the trustees was not drawn in compliance with the school law, and was, therefore, void.

The first contention is based on section 1699 of the Political Code, which reads as follows: ''Any teacher whose salary is withheld may appeal to the superintendent of public instruction, who shall thereupon require the superintendent of schools to investigate the matter and present the facts thereof to him. The judgment of the superintendent of public instruction shall be final; and upon receiving it, the superintendent of schools, if the judgment is in favor of the teacher, shall, in case the trustees refuse to issue an order for said withheld salary, issue his requisition in favor of said teacher.''

If this section of the code could be considered as obligatory rather than permissive, still we cannot see that it has any application to the present case.

It must be considered and construed in its entirety, and the main inquiry is, When, and by whom, is the ''salary withheld,'' so that the appeal of the teacher may be taken to the superintendent of public instruction?

We think the section itself furnishes the answer, and that when it speaks of a ''withheld salary'' it means a withholding, by the *board of school trustees,* of the original warrant in favor of the teacher.

An analysis of the section we believe will make this apparent. The first portion of it provides, simply, that any teacher whose salary is withheld may appeal to the superintendent of public instruction. There is, in this portion of the section, no definition of a ''withheld salary.'' It simply confers the right of appeal.

The next portion provides for an investigation and presentation of facts to him by the county superintendent. This deals solely with the presentation and submission of the evidence.

It is next provided that the superintendent of public instruction shall (on the facts) pronounce a final judgment, of which he advises the county superintendent, and the section then declares that, ''upon receiving it [the final judgment] the superintendent of schools, if the judgment is in favor of

the teacher, *shall in case the trustees refuse to issue an order for said withheld salary issue his requisition in favor of said teacher."*

This last portion of the section clearly informs us that "said withheld salary" results from, and consists of, the refusal of the *trustees* to issue their warrant in the teacher's favor. It is only on such a withholding that the judgment can operate by the terms of the section, and certainly what constitutes the "withholding" mentioned in the opening clause of the section from which the teacher is given the right of appeal, must be determined by the relief upon final judgment to which he would be entitled. As the judgment by its terms is limited in its operation exclusively to a case "where the *trustees refuse to issue an order for said withheld salary,*" the right of appeal must also necessarily be limited to a case where the salary is withheld *by the trustees.*

A fair construction of the statute seems to require a notice of the final judgment to be given to the trustees so that they may act in conformity with it, and issue their warrant, because a "refusal" presupposes a "demand," and it is only on a refusal by the trustees that the county superintendent can act.

If the trustees obey the judgment and issue the warrant, the requisition of the superintendent is then drawn on the warrant they issue, not on account of the final judgment; if they refuse, the requisition is then drawn by the superintendent by virtue of the final judgment without the warrant, but in either event the final judgment operates upon the salary withheld by the trustees, either to secure it to the teacher by the voluntary action of the trustees in harmony with the judgment, or by the requisition of the superintendent of schools on their refusal to comply with it.

If this is not the proper construction, then the teacher may appeal in all cases, no matter by whom his salary is withheld. It would be then necessary to appeal, not only when the trustees refuse to issue their order, but also when the superintendent of schools refuses his requisition on it, or the county auditor his warrant on such requisition, or when the treasurer refuses payment on the auditor's warrant, because all these steps have to be taken by the teacher before he can

obtain ultimate payment. If he was required to appeal from the superintendent's refusal, we would have this peculiar condition,—that under the section the superintendent would have to investigate the matter of his own refusal, present facts in a matter he had already prejudged, and be expected to do it impartially. His investigation and presentation of facts might be warped or colored in harmony with his judgment of refusal, and would hardly be the best or fairest evidence upon which the state superintendent should pronounce a final judgment.

We hardly think the legislature contemplated any such thing. On the other hand, as an intermediary between the teacher and trustees, he would be disinterested and free from bias.

Aside from this, if the auditor on the county superintendent's requisition refuses to issue a warrant on the treasurer, or the treasurer refuses to pay it, if issued by the auditor, the salary of the teacher is withheld as effectually as it would be by the refusal of the superintendent to issue a requisition on the warrant of the trustees, and the section, if it is to apply, broadly, to all cases where the salary of any teacher is withheld, must apply in these cases.

And to so construe the section would be to place the teacher in the position of appealing to an officer who might render final judgment against him without the slightest benefit to accrue to him if the judgment should be in his favor, because, it goes without saying, that there is no provision of law whereby either the auditor or treasurer is required to pay any attention to the final judgment of the superintendent of public instruction. While we think the section plain as to when and by whom the teacher's salary is withheld so as to afford the right of appeal to the teacher, and that it applies solely to a withholding by the school trustees, we have discussed the matter at this length on account of the persistence with which defendant insists that it applies in the present case and to any withholding.

The plaintiff insists that the section, so far as discussed, is unconstitutional, as it attempts to vest the superintendent of public instruction with judicial power. We do not pass upon that point, because under the construction we place upon the statute it is not involved.

Nor do we consider that there is anything in the second point urged by defendant, which is, that the written contract to teach entered into between the plaintiff and the trustees was invalid. The contract of plaintiff with the trustees was to teach one year from July 5, 1899, at a salary of one thousand dollars, payment to be made by drawing requisitions upon the county superintendent of schools. Defendant contends that the word "year" in the contract means a calendar year and renders the contract void, because the trustees are expressly forbidden to contract for a period beyond June 30th next ensuing, and that the contract in question extends beyond that period. But the term "year" does not necessarily mean a calendar year. We are to gather its meaning from the subject-matter of the contract, and the connection in which the term is used. (*Brown* v. *Anderson,* 77 Cal. 236.) The contract was with reference to school-teaching, and, in the absence of anything to the contrary, it must be construed as if the provision of the law limiting the time for which the contract could be made was inserted in it, and that the term "year" meant a school year (Pol. Code, sec. 1878), which begins the first day of July and ends on the last day of June.

The last point made is that the warrant of the trustees was not drawn in compliance with the law, in this, that it did not state the monthly salary of the teacher and name the months for which said salary was due.

Before discussing this point it will be necessary to state a few facts. Plaintiff's contract, as heretofore stated, provided that he should teach a year for one thousand dollars, payable by requisitions upon the superintendent. It made no provision for monthly payments, and the law does not require that it should, or that payments should be made monthly. (Pol. Code, sec. 1617.) When he commenced teaching the trustees assumed that school would be kept open nine months, and on that assumption drew each month in favor of plaintiff for one ninth of his salary. These warrants were all honored by defendant, and requisitions drawn upon the auditor. As a fact, the school was conducted only eight months; hence this one-ninth balance. If the trustees had not made this error in their calculation this litigation would not have arisen, as plaintiff's gross salary would have been paid in one-eighth monthly installments.

The plaintiff, however, cannot be held responsible for the miscalculation of the trustees. His contract was valid, and his full salary earned, whether the school was maintained eight or nine months. He had a right to assume that the trustees knew how long school would be maintained, and that they were acting advisedly in drawing his monthly salary on a basis of nine months of school, and their error cannot prevent him from obtaining payment. Neither is he responsible because the warrant fails to comply with some of the requirements of the statute. He could not dictate the form of the warrant to be drawn. That was a matter solely for the trustees.

Nor, under the circumstances of this case, do we think these objections to the form of the warrant have merit. This was a secondary consideration in defendant's refusal, and cannot now be availed of as the primary objection. Defendant's main contention, on the trial of the case, was that the contract of plaintiff with the trustees was invalid. As far as the want of formalities in the warrant is concerned, they could readily have been corrected, if suggested when it was presented, and might have been a valid excuse for refusing to accept or file the warrant. She, however, did accept and file it at the time it was presented. Nor do we consider that it was in this particular case necessary to specify any month in the warrant. It was not issued as payment for any month, but as a "balance on yearly contract during the present school year in Madera school district." When it was presented, defendant had on file in her office two reports under oath from plaintiff as teacher, showing that he taught, and school was conducted for a school year from September 11, 1899, to May 4, 1900, and one of these reports stated his salary to be one thousand dollars per year. She also had eight warrants on file, drawn in form identical with the one in question, except, when actually teaching, the month was inserted. She knew too, of the contract between plaintiff and the trustees— at least, its date—for she indorsed the warrant when she filed it as "being balance due on yearly contract with Madera school district, signed July 5, 1899." Under these circumstances we do not think it consonant with justice that the defendant should be allowed to stand strictly on the provi-

sions of section 1543 of the Political Code, or that they should be considered as mandatory to defeat plaintiff's claim. Upon this subject, generally, and particularly with reference to the alleged omission of formalities in the warrant drawn by the trustees, over which plaintiff had no control, it is said that, "When a public duty is imposed, and the statute requires that it shall be performed in a certain manner, or within a certain time, or under other specific conditions, such prescriptions may well be regarded as intended to be directory only when injustice or inconvenience to others, who have no control over exercising the duty, would result, if such requirements were essential and imperative." (Endlich on Interpretation of Statutes, sec. 433.) And, as under section 1699 of the Political Code, the superintendent of public instruction can order the county superintendent of schools to draw a requisition on his final judgment, without any warrant from the trustees, we do not see why this section should be held mandatory to prevent an issuance of a requisition on such a warrant, whose defect is, at most, simply formal.

The plaintiff has been deprived of this balance of his salary (small in amount) for nearly four years, and we are not constrained to consider with particular complacency formal and technical objections which further retard its payment.

We are of the opinion that the judgment appealed from should be affirmed, and it is so ordered.

Angellotti, J., McFarland, J., Shaw, J., and Henshaw, J., concurred.

A rehearing was denied April 27, 1903. Beatty, C. J., delivered the following dissenting opinion:—

BEATTY, C. J.—I dissent from the order denying a rehearing. The result of our judgment is a peremptory mandate to the defendant to perform an act which the law not only does not impose upon her as a duty, but which, on the contrary, it expressly forbids her to do, and the costs of a protracted and probably unnecessary litigation over a trifling demand are thrown upon the only party to the controversy who from beginning to end has strictly obeyed the mandatory provisions of the school law. A more serious result of the

decision is that it sets at large and practically nullifies a perfectly reasonable regulation of the statute intended and well adapted to prevent improvident and illegal expenditure of the school funds. Under the law no payment can be made out of any school fund except upon a warrant issued in compliance with a requisition from the county superintendent, and no requisition can issue except upon the written order of the district trustees, and not then unless such order, when it relates to supplies, "is accompanied by an itemized bill showing the separate items and the price of each," or when it relates to teachers' salaries, "*unless the order shall state the monthly salary of the teacher and name the months for which the salary is due.*"

The law says that upon an order lacking this specification "*no requisition shall be drawn.*" (Pol. Code, sec. 1543, subd. 3.) A law could hardly be more clearly mandatory than this, and no provision could be more reasonable. In this case the plaintiff entered into a contract with the trustees for a salary of one thousand dollars for the ensuing school year—without any statement of what the monthly compensation was to be. It is held in the opinion of the court that this was a proper form of contract, and that the law does not require such contracts to contain any provision for monthly payments. It is true that the law does not contain any express provision in so many words, that the contract shall fix the monthly salary, but it is necessarily implied that the monthly salary must be ascertained before any payment can be made. There must be a requisition for the salary before a warrant can be drawn upon the fund, and no requisition can be made except in pursuance of an order stating the monthly salary, and naming the months for which it is due. (Pol. Code, sec. 1543, subd. 3.) Is this law to be nullified by the act of the trustees and the teacher in making a contract which renders compliance impossible? I should prefer to say that the contract should be so framed that it could be performed without any infraction of the law. And the parties to this contract evidently held the same opinion, for by a contemporaneous or subsequent agreement they determined that the school year should be nine months, and that the monthly salary should be one ninth of a thousand dollars. In pursuance of this under-

standing eight orders were drawn upon the defendant in favor of the plaintiff,—one at the end of each school month—naming the month and stating the monthly salary of the teacher to be $111.10. These orders were all duly honored, but when, at the end of nine months, another order for the same sum was presented, which named no month and specified no monthly salary, the defendant, in strict obedience to the law, refused to issue a requisition. It nowhere appears upon what ground she based her refusal. All that is found by the court is that plaintiff presented the order and demanded a requisition in accordance with its terms and that the defendant refused. Her refusal is justified by her counsel, in this court, upon two grounds,—1. That the contract was illegal; and 2. That the statute forbade her to draw a requisition upon the order as presented. I cannot see that we are justified in inferring from the order which the argument of counsel has followed in this court, that the second ground was a secondary consideration for defendant's refusal; but conceding that it was, it was nevertheless a sufficient ground, and if, as the court holds, the "informalities" (I should rather say the substantial defects) of the order could have been readily corrected, it was the duty of the plaintiff, before resorting to *mandamus* proceedings, to have them corrected, and to present his order in a form which would permit the defendant to issue her requisition without transgressing the express mandate of the statute. Very possibly, if a new order had been drawn, accompanied by an explanation that the previous order had misstated the amount of plaintiff's monthly salary, and that one eighth of the amount then called for was due him for each of the eight school months during which he had taught, it might have been honored with a requisition, for on the assumption that the contract was valid, such an order would have protected the defendant, while the order as drawn would have been no protection in itself—in short, no voucher without proof of a number of extraneous facts, which she was not bound to assume the burden of proving.

It is no answer to this to say that the defendant received and filed the order. This neither injured nor misled the plaintiff. He knew as well as she that the order was one upon which she was forbidden to issue a requisition. Neither is it

an answer to say that plaintiff was not responsible for the mistakes and omissions of the trustees. If he was not responsible, neither was the defendant, and their neglect of duty did not absolve her from obedience to the law. And since a proper order from the trustees was an essential prerequisite to the action demanded of her, they should have been compelled, if necessary, to perform their duty, before asking the defendant to violate hers.