[Civ. No. 1564.   First Appellate District.—September 28, 1915.]

A. H. SMITH, Appellant, v. ROY W. CLOUD, Superintendent of Schools of the County of San Mateo, Respondent.

School Law—Contracts—Discharge of Principal of High School—Claim for Salary—Authority of Trustees to Compromise.—Under subdivisions 20 and 21 of section 1617 of the Political Code, the board of trustees of a Union High School district is invested with the power to compromise a disputed liability of the district arising out of the discharge of a principal of the high school and this power is not limited to the sum of one hundred dollars under clause 3 of subdivision 20 of said section.

Id.—Limitation of Powers of Board—Vote of Electors of District.—The only limitation upon the powers of boards of school trustees to compromise threatened litigation against their district is that created through the holding of a meeting of the qualified electors of the school district called as provided in section 1617 of the Political Code; and which, when assembled, could instruct such board in relation to the compromise of pending or threatened litigation, and in connection with such instruction might vote a limited sum to be devoted to such compromise as the meeting approved.

Id.—Unearned Salary—Breach of Contract—Damages.—It is immaterial that the compromise agreement was entered into before the school term began, and hence before any salary was due to the plaintiff for actual teaching done or offered to be done, where the court

finds that the principal suffered certain specified damages from the repudiation of his contract by the board.

ID.—DEFECTS IN WARRANT—WAIVER OF.—Alleged defects in the warrant for the compromise amount should have been made when it was presented for approval, and where not then made or upon the return of an alternative writ of *mandamus* to compel its payment, or at the hearing thereon, the objection is too late on appeal for the first time.

ID.—OBTAINING OTHER POSITION—MANDAMUS.—There is no merit in the objection that the writ of *mandamus* to compel payment of the warrant for the amount of compromise should not have been issued because, after the compromise was effected and the petitioner received his warrant, he succeeded in making a contract with another school district for his employment during the year.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Vecki & Wythe, for Appellant.

Franklin Swart, District Attorney, for Respondent.

THE COURT.—This is an appeal from a judgment denying the application of the plaintiff for the issuance of a writ of mandate to be directed to the defendant, as superintendent of schools of the county of San Mateo, requiring him to appprove a warrant drawn in favor of the plaintiff by the board of school trustees of the Halfmoon Bay Union High School district in said county.

The facts leading up to the issuance of such warrant by said board are substantially as follows: On June 7, 1913, the said board of school trustees elected the said plaintiff principal of said high school for the school year commencing on July 1, 1913, at an annual salary of one thousand six hundred and eighty dollars. On July 12, 1913, the board notified the plaintiff that it would not carry out its contract with him, and proceeded to elect another principal. Thereafter the plaintiff demanded of said board that it abide by its contract with him, or pay him the damages he had sustained through its breach. Negotiations followed, which presently resulted in an agreement of compromise between the plaintiff and the board, by which the former agreed to accept the sum

of two hundred dollars in full settlement of his claim and to relinquish his contract. A warrant was accordingly drawn by the board in plaintiff's favor for this sum, which upon presentation to the defendant as county school superintendent she refused to approve. The plaintiff applied for a writ of mandate to compel such approval, which upon hearing before the trial court was denied, whereupon he prosecutes this appeal.

The respondent undertakes to justify her refusal to approve the appellant's warrant upon several grounds, the first and chief of which is that boards of trustees of school districts have not been invested by the statute which defines their powers and duties with authority to enter into compromises of the kind in question here. Authorities are cited from the decisions of this and other states holding that the powers of boards of trustees of school districts are limited, and must be derived from those statutes which provide for their formation and define the scope of their powers. The respondent further directs our attention to the provisions of the Political Code dealing with the powers and duties of school trustees in the matter of the compromise and settlement of disputed claims against their districts. The section of the Political Code which embraces these powers is section 1617, which contains 24 subdivisions dealing comprehensively with the powers and duties of such boards. Without quoting the somewhat lengthy text of this section of the code, but referring particularly to subdivisions 20 and 21 thereof, we are satisfied that by a reasonable interpretation thereof boards of trustees of school districts are invested, if not expressly, by fair and reasonable implication, with the power of disposing by compromise of the disputed liabilities of their district; and that their powers in that respect are not limited to the sum of one hundred dollars, as the respondent insists from a reading of clause 3 of subdivision 20 of said section. It would seem quite apparent from a careful reading of the several subdivisions and clauses of this section of the Political Code, that the only limitation upon the powers of boards of school trustees to compromise threatened litigation against their district is that created through the holding of a meeting of the qualified electors of the school district called as therein provided; and which, when assembled, could instruct boards of school trustees in relation to the compromise of pending or threatened litigation; and in

connection with such instruction might vote a limited sum to be devoted to such compromise as the meeting approved. It would seem clear that this procedure on the part of the electors of the school district was intended by the framers of the statute to be a limitation upon the powers already possessed by school boards to compromise liabilities against their district, and was intended chiefly as a safeguard against an abuse of such powers. From this interpretation of section 1617 of the Political Code it follows that the board of school trustees of Halfmoon Bay High School district, having had, as is conceded, the power to make the original contract by which the plaintiff was employed, had also the power to settle by compromise whatever liability their district became involved in by reason of the breach of such contract; and hence that the plaintiff's claim in the sum of two hundred dollars arising by virtue of such compromise agreement was a legal claim for which a warrant should issue, and which when properly drawn and presented to the respondent as county school superintendent, it was her duty to approve.

The other contentions of the respondent require but brief attention. The objection that the compromise agreement was entered into before the school term began, and hence before any salary was due the plaintiff for actual teaching done or offered to be done, is without merit in view of the fact that the plaintiff in his application for the writ alleged that he had suffered certain specified damages from the repudiation of his contract by the board, which averment the court finds to be true.

With respect to the respondent's contention that the warrant was deficient in form, we think these defects should have been pointed out at the time the warrant was presented for approval and when they might have been remedied, and that not having been then urged, or even presented and insisted upon in the return to the alternative writ, nor at the hearing thereon, they come too late when urged for the first time upon appeal (*Williams* v. *Bagnelle,* 138 Cal. 700, [72 Pac. 408]).

The respondent's contention that the plaintiff was not entitled to the writ for the reason that after he had effected the compromise and received his warrant, he had succeeded in making a contract with another school district for his employment during the same year, we deem to be utterly without merit.

It follows from these views that the judgment should be reversed, with instructions to the trial court to issue a writ of mandate in accordance with the prayer of the plaintiff's application, and it is so ordered.