Knode *et al. v.* Baldridge.

No. 7339.

KNODE ET AL. *v.* BALDRIDGE.

TIME.—*Meaning of Term "Year" in Contracts.*—The term 'year" does not necessarily mean the period commencing with the first day of January and ending with the 31st day of the succeeding December; but its meaning is to be determined from the subject-matter of the contract and the connection in which it is used, and which will carry into effect the intention of the parties.

PARTNERSHIP.—*Receiver.—Property.—Execution.*—When a member of a partnership dies, and a receiver is appointed who takes possession of the partnership property, no creditor has a right to have such property seized and sold on execution for his own benefit.

PRINCIPAL AND SURETY.—*Promissory Note.*—The statute providing for the levy and sale of a principal's property, before resorting to that of a surety, has no application to cases where such property is in the control and custody of the court.

From the Wayne Circuit Court.

*C. H. Burchenal,* for appellants.

*T. J. Study,* for appellee.

ELLIOTT, J.—The assignment of error, which first requires consideration, is that based upon the ruling refusing appellants a new trial.

The material facts established by the evidence may be thus summarized: Robert G. Newcome and Franklin G. Newcome were partners under the firm name of R. & F. G. Newcome, and, by their firm name, executed to Daniel Petty the promissory note upon which the complaint is founded. The note is dated November 9th, 1872, and payable one day after date. Subsequent to the execution of the note, Robert Newcome died. In 1878, after the death of said Robert, the Wayne Circuit Court appointed Andrew S. Higgins receiver of the assets and business of the partnership. The receiver took into possession all the property of said firm, and was in possession thereof at and before the time of the trial of this cause, but there is no evidence as to the amount or value of such assets. After the execution of

the note, Daniel Petty, the payee, died testate, and Eli Petty and George G. Baldridge were appointed executors; and, after their appointment and qualification, the executors delivered the note in suit to the appellee, Edward R. Baldridge, as devisee under the will of said Daniel Petty. Archibald B. Knode and George G. Hindman were sureties on the said note. The following endorsements were made on the note :

"November 9th, 1873, rec'd the int. to date, say  -  $200
"Rec'd interest for one year  -  -  -  -  200
"1875. November 9th, 1875, rec'd interest for one
   year  -  -  -  -  -  -  -  -  200
"Rec'd interest for year 1876  -  -  -  -  200"

There is no evidence showing that Daniel Petty, the payee, knew, earlier than 1874, that Knode and Hindman were sureties, but in 1874, when the payee's agent collected the interest, he did know that they were sureties.

Appellants' contention is, that, when the interest for 1874 was collected, an extension of time was impliedly granted for the term of six days, and the sureties thereby released. As we understand counsel's argument, it is that the year meant by the indorsement was the time intervening between December 31st, 1873, and January 1st, 1875. The argument is ingenious and specious, but neither meritorious nor sound. The term "year" does not necessarily mean the period commencing with the 1st day of January and ending with the 31st day of the succeeding December. When the word "year" is used, twelve calendar months are usually intended, but not necessarily the twelve months commencing with the first and ending with the twelfth month of the calendar arranged by the statute of George the Second. When the word "year" is used, its meaning is to be determined from the subject-matter of the contract, and the connection in which it is used. The signification to be affixed to it is that which will carry into effect the intention of the parties, and

give to their contract the meaning and force which they intended it to have.    *Thornton* v. *Boyd*, 25 Miss. 598 ; *Paris* v. *Hiram*, 12 Mass. 262.    In the case in hand, it is very clear that the parties meant the year which had passed, and not a year, nor any part of a year, then in the future.

The point made, that attorney's fees were allowed without evidence as to their value, is not entitled to consideration, because the motion for a new trial does not present any question as to the amount of the recovery.

The remaining question is whether the appellants were entitled to an order directing that a levy be made upon, and a sale made of, the partnership property in the hands of the receiver before seizing the property of the appellants.    The court did decree that the receiver pay into court, for the use of appellee, the full amount of the judgment rendered against the appellants.    This was as favorable an order as the appellants had any right to ask ;  we, indeed, are inclined to think one to which they were not at all entitled. The order could have been made effective ;  for, in case the receiver wrongfully refused to obey it, the court, whose officer he was, could have enforced prompt and complete obedience.    Ample means of enforcing the order were within reach of the parties.

It would have been error to order a seizure and sale of the property in the hands of the receiver, for it was then in the custody of the court, and was not held for the benefit of any particular creditor, but for the benefit of all.    No one creditor had a right to have it seized and forced to sale upon execution for his own benefit.    Our statute, providing for the levy and sale of a principal's property before resorting to that of the surety, has no application at all to a case where the principal's property is in the control and custody of the court.

Judgment affirmed.