PERE MARQUETTE RAILROAD CO. *v.* KALAMAZOO, LAKE SHORE & CHICAGO RAILWAY CO.

TAXATION—RAILROADS—STATUTES.

A lessee who agrees to pay the taxes for 1907 on railroad property, under a provision that the lessee should pay all taxes for the year and should be repaid that proportion based on the part of the year prior to April 15, 1907 (the date of the lease), may not recover in set-off, a proportion of the tax from July 1, 1906, to April 15, 1907, on the theory that the statute creates a fiscal year from July 1, 1906, to June 30, 1907, but may be reimbursed such proportion only as would be based on a calendar year, the tax being levied for the year 1907.

Error to Kalamazoo; Knappen, J. Submitted June 18, 1909. (Docket No. 53.) Decided July 15, 1909.

Assumpsit by the Pere Marquette Railroad Company against the Kalamazoo, Lake Shore & Chicago Railway Company upon an account stated. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Osborn & Mills*, for appellant.

*McPherson, Bills & Streeter* (*Boudeman, Adams & Weston*, of counsel), for appellee.

This case, an action in assumpsit, was tried before the court without a jury upon stipulated facts. The facts material to the single question involved are these: On March 23, 1907, plaintiff executed to the defendant a lease of that portion of its road lying between South Haven and Lawton for a period of 25 years. The lease took effect April 15, 1907, and, after providing that the lessee should pay the taxes during its life, it contains the following clause:

"As to the taxes on the leased property for the year 1907, payable in May, 1908, the lessee shall, in the same case, pay the full amount thereof to the proper public authorities, but shall be reimbursed by the Pere Marquette a *pro rata* portion thereof to cover the period of 1907 prior to the taking effect of this lease."

On April 30, 1908, defendant paid the taxes, $4,405.59. These taxes were spread upon the rolls in February, 1908. Plaintiff claims that it is liable only for its proportion of the taxes from January 1, 1907, to April 15, 1907. Defendant claims that plaintiff is liable for the taxes from July, 1906, to April 15, 1907. The circuit judge held in favor of plaintiff, and entered judgment accordingly.

Grant, J. (*after stating the facts*). The statute (1 Comp. Laws, § 50, subd. 10) provides that—

"The word 'month,' shall be construed to mean a calendar month; and the word 'year,' a calendar year; and the word 'year' alone, shall be equivalent to the words 'year of our Lord.'"

The lease contains no language to indicate that any other time than the calendar year 1907 was intended. The learned counsel for defendant bases his contention upon the language of section 6, Act No. 282, Pub. Acts 1905, providing for the assessment and collection of taxes

of railroad and certain other corporations. That section reads as follows:

"Sec. 6. The several corporations enumerated in this act, doing business in this State, shall annually, between the first day of July and the thirty-first day of August in each year, under oath of their president, secretary, treasurer, superintendent or chief officer of such company, make and file with the State board of assessors, in such form as said board may provide, upon blanks to be furnished by said board, a statement containing the following facts," etc.

It then provides that such statement by railroad companies shall contain a description of its real and personal property, the value thereof, and certain other things unnecessary to mention. Counsel insists that the statute contemplates a fiscal year extending from July 1st to June 30th. This contention cannot be sustained. The sole purpose of this statement is to furnish information to the assessing officers as a basis for the assessment of the calendar year in which it is made. By section 13 of the same act it is the duty of the State board of assessors not later than the 15th of January to review the assessment, determine the cash value of the property, and correct its computation of the average rate as therein provided. By section 14 it is the duty of said board to fix the amount of the tax and extend it upon the assessment roll, and by the same section the taxes are made payable on the first day of April following. Our entire tax law provides for taxes for each calendar year. This was true of corporations when they paid specific taxes. By Act No. 173, Pub. Acts 1901, these specific taxes were abolished, and railroad corporations brought under the *ad valorem* system. Section 17 of that act expressly provided that the first assessment under it should be made in 1902, and that the law as to specific taxes should continue in force for the collection of the specific taxes "for the year nineteen hundred and one and previous years." Section 6 of that act and section 6 of the act now under consideration

are identical in language.    The act of 1901 clearly did not provide a fiscal year from July 1st to June 30th.    It provided a calendar year as determined by the statute.    It is also significant that the taxes for one year are not fixed or payable until the first of the following year.

The judgment is affirmed.

BLAIR, C. J., and MOORE, MCALVAY, and BROOKE, JJ., concurred.