[Civ. No. 1311.  Third Appellate District.—September 12, 1914.]

JOHN HOPS, Petitioner, *v.* A. W. POE, Respondent.

INTOXICATING LIQUORS—LOCAL OPTION ELECTION—RESUBMISSION OF QUESTION AFTER TWO YEARS—COMPUTATION OF TIME.—The provision of the Local Option Law (Stats. 1909, p. 599) that no election shall be held under the act "within two years of any previous election" thereunder in the same territory, means that if the question is submitted at a special election, the sense of the electors cannot again be taken on the proposition until two years of three hundred and sixty-five days each have passed, but if the first vote is taken at a general election on the first Tuesday after the first Monday in November, another vote may be taken at the next general election on that day the second year following, although the first election was on November fifth and the second one will be on November third, leaving an interval of less than two years of three hundred and sixty-five days each.

ID.—MEANING OF WORD "YEAR" IN ELECTION STATUTES.—When the statute uses the term "year" in connection with general elections, the political year is clearly contemplated, but in referring to special elections, since no particular day is specified, the intention is to designate the year of three hundred and sixty-five days.

ID.—WORD "YEAR"—WHETHER WORD MAY MEAN LESS PERIOD THAN THREE HUNDRED AND SIXTY-FIVE DAYS.—While the word "year," when used in a statute, ordinarily means a period of three hundred and sixty-five days, still its meaning is, in all cases, dependent upon the subject matter and the connection in which it is used, and it may stand for a period of time less than three hundred and sixty-five days.

APPLICATION for Writ of Mandate to be directed to the County Clerk of Calaveras County.

The facts are stated in the opinion of the court.

Ben Berry, for Petitioner.

Will A. Dower, for Respondent.

BURNETT, J.—This is an application for a writ of mandate to require respondent, who is the county clerk of Calaveras County, to file a petition for an election to determine whether the sale of alcoholic liquors shall be licensed in the fifth supervisorial district of said county. There is no question raised as to the sufficiency of said petition or that it was executed with the formality required by the statute, but respondent claims that to file said petition at this time would require an election to be had on the proposition at the approaching general election on November 3, and that this election would be illegal by reason of the fact that the same question was submitted at the last general election held November 5, 1912, less than two years prior to said November 3.

Section 4 of "An act to provide for the regulation of the traffic in alcoholic liquors by establishing local option" (Stats. 1909, p. 599) directs the clerk within ten days after filing such petition, if he is satisfied it is signed by the requisite number of qualified electors, to so certify in writing and, furthermore, said section provides: "If the petition shall be certified as sufficient, the legislative or governing body having jurisdiction over the territory described therein shall within the time prescribed herein call an election to be held in such territory to vote upon the question whether the sale of alcoholic liquors shall be licensed therein," and section 6 provides: "If said petition shall be certified as sufficient within six months and not less than forty days before the holding of the next general state or general municipal election within the territory therein described such question shall be submitted at said general state or general municipal election; otherwise a special election to vote upon the question shall be called to be held within not less than thirty nor more than sixty days after the petition has been certified as sufficient; *provided*, that no election under this act shall be held within two years of any previous election held under this act within the same territory."

It thus appears that if respondent had filed the petition as requested on July 29, 1914, it containing the requisite names, he would have been required to certify it within ten days there-

after and said date being within six months and not less than
forty days before the holding of the next general election, it
would follow from the statute that such question should be
submitted at that time.  The vital point in the contention of
respondent is thus shown to be that the interval of time be-
tween the general election of 1912 and that of 1914 does not
constitute the period of two years.  Going one step further,
he claims that since an election if had upon the question on
November 3 would be illegal, it would be an idle and futile
act for respondent to file said petition within said period
specified as above.

It may be doubted whether the respondent, being a mere
ministerial officer, is in a position to urge such defense to
justify him in his refusal to file said petition, but the material-
ity of the defense, if sound, is conceded by petitioner, so we
proceed to inquire whether there would be any infraction of
the law if the supervisors should require the same question
to be submitted again at the approaching general election.

It is to be observed that the statute contemplates that the
question may be submitted at a general or a special election.
In either event, the interval must be at least two years.  This,
of course, is to secure reasonable permanency and to avoid un-
necessary expense.  The policy of the law is plain and salu-
tary.  The statute should be construed so as to give effect to
this manifest and wholesome purpose.  If the question is sub-
mitted at a special election no one, of course, would contend
that the sense of the electors could again be taken on the
proposition until two years of 365 days each had passed, but
where the first vote is taken at a general election, which occurs
on the first Tuesday after the first Monday in November, we
think the more reasonable and beneficent interpretation of
the law justifies and demands the conclusion that another
vote may be taken at the next general election to be held on
the first Tuesday after the first Monday in November of the
second year following.  In other words, when the statute uses
the term "year" in connection with general elections, the
political year is clearly contemplated, but in referring to
special elections, since no particular day is specified, the legis-
lature intended to designate the year of 365 days.

Ordinarily, the term *year* when used in a statute means a
period of 365 days.  (Pol. Code, sec. 3257.)  "But its mean-
ing in all cases is dependent upon the subject matter and the

connection in which it is used, and it may mean a period of twelve months, beginning on a day other than the first of January, or it may mean a political year or a period between two elections, a year of office, a school year, a fiscal year or excise year, a year of age or a theatrical season.'' (38 Cyc. 310.)

As far as this case is concerned for the purpose of determining the question before us we may consider the statute as though no provision were made for a special election. We may also incorporate into the statute the date of the general state election which is fixed by law. No additional element is thereby injected into the provision in question, but the legislative intent may be made more apparent. The statute would then read: "If said petition shall be certified as sufficient within six months and not less than forty days before the holding of the next general state election on the first Tuesday after the first Monday in November within the territory therein described, such question shall be submitted at said general state election . . . provided that another election on the same question shall not be had within two years thereafter." If the foregoing were the only provision it would probably not be seriously contended that four political years must elapse before another election could be held, although the second general election should occur two days less than two calendar years from the first election. But we do not see that the problem is complicated by the additional provision as to special elections as we are dealing with the term *two years* as applying only to general elections.

It may be said that the only cases in point cited by counsel uphold petitioner's contention.

In *McNeely* v. *Commissioners of Town of Morganton,* 125 N. C. 375, [34 S. E. 510], the statute authorized an election on the first Monday in May to determine whether or not license should be granted in the town of M. for the sale of spirituous liquors by small measure. The act further provided for a resubmission of this question every two years and it seems that an election was held on the first Monday in May, 1897, and another in 1899, but the first Monday in May, 1899, came two days earlier in the month than in 1897. It was therefore contended that two years had not passed, but the supreme court of North Carolina said: "But the act provided for the election to be held on the first Monday in May—the

same day of election for municipal officers. We think this
controls the time. It is like electing members of the legis-
lature every two years—elections to be held on the first Tues-
day in November, which may not be precisely two years if we
count the days. In fact, the legislature has changed the time
of this election from November to August, and, if the plain-
tiff's contention should be sustained, it would invalidate the
election.''

*Battle Creek Brewery Co.* v. *Supervisors*, 166 Mich. 52,
[Ann. Cas. 1912D, 946, 131 N. W. 160], involved the construc-
tion of the Local Option Law of that state providing that the
license question should be submitted at the time of the general
election and containing this provision: ''*Provided, however,*
that such proposition having been once submitted and decided
either way by a majority of the votes of the qualified electors
in any county in this state, voting thereon, the same shall not
be again submitted in such county within a period of two years
next thereafter, but may, at any time after the expiration of
such period, upon a like petition and action, be again sub-
mitted, and so on, at the expiration of not less than two years
after every such election.''

It seems that one vote was taken at the general election held
April 5, 1909, and the question was again submitted at the
general election held April 3, 1911. And it was contended
there, as here, that the two years had not expired, two days
being lacking. One of the justices agreed with that conten-
tion, declaring the election to be void and basing his construc-
tion of the law upon the rule of interpretation provided by
the statute of that state: ''In the construction of the statutes
of this state, the following rules shall be observed, unless such
construction should be inconsistent with the manifest intent
of the legislature: The word 'month' shall be construed to
mean a calendar month and the word 'year' a calendar year.''
The opinion of the court, however, concurred in by all the
other justices, was as follows: ''The period of two years men-
tioned in the proviso to section 5420 is to be interpreted in
connection with the amendments fixing the date of the election
at the date of the general election for township officers, etc.,
and the law is to be construed as though the amendments were
part of the original act. It was manifestly the intention of
the legislature that the result of the election should not be
disturbed for two years; not that it should be final for two

years at times and three years at other times, as the time between the first and third general elections might be two years or a day or two less than two years. I am therefore of the opinion that the two years referred to are political years, and not calendar years. (*Inhabitants of Paris* v. *Inhabitants of Hiram,* 12 Mass. 281; *McNeely* v. *Commissioners of Morganton,* 125 N. C. 375, [34 S. E. 510].)''

The only substantial difference between the statutes thus construed in the two foregoing cases and the one before us is that here the question may also be submitted at a special election. The interests of the people, however, demand, and no doubt it was the intention of the legislature, that as far as practicable the question should be submitted at the general election, and in such case we can see no good reason why it should not be held that it is fully two years from one general election to another.

*Harrison* v. *Roberts,* 145 Cal. 173, [78 Pac. 537], was clearly a different case. There the first vote was taken at a special election held December 4, 1902, and the second proposed vote was to be taken at the general election to be held November 8, 1904, and it was justly held that between these two dates the period was not two years—the matter relating to proposed amendments to the charter of San Francisco.

We think it a reasonable construction of the statute and in the interests of the taxpayers to hold that the clerk should file the petition, and it is so ordered and, in accordance with the stipulation of the parties, the *remittitur* will issue forthwith.

Chipman, P. J., and Hart, J., concurred.