### 7066. BROOKE et al. v. ATLANTA WOOLEN MILLS.

BROYLES, J. 1. The provision of section 5 of the Civil Code, 1910, that the word "year" when used in a statute means a "calendar year," has no application where the word "year" is used in a lease contract. In the contract now under consideration, which provided for the lease of certain realty for one "year" beginning September 1, 1911, and ending September 1st of the following year, the court correctly construed the word "year" as meaning a lease from September 1, 1911, until September 1, 1912.

2. The controlling issue in this case was as to whether the defendant was liable for the taxes on the leased property for the entire year of 1911. It was clearly not so liable under the lease contract itself, as under that contract the lease did not begin until September 1, 1911; and as to the payment of taxes the lease provided as follows: "Said second party [the defendant] is to pay all lawful taxes on said property during its use and occupation thereof under this lease. In case the lease is terminated at any time during a year said second party is only to pay its pro rata of the tax for said year, the balance of the tax for the year to be paid by said first parties [the plaintiffs]. Thus, if second party occupies the property only three months of a current year its proportion of the tax for said year shall be one fourth." So, if the defendant was liable for the taxes for the entire year of 1911, its liability must have arisen from some contract outside of that contained in the lease; and apparently this was the contention of the plaintiffs, for they alleged, in the fourth paragraph of their petition, "that it was understood and agreed between plaintiffs and defendant that said defendant was to pay all the taxes on said property for the entire year of 1911." The defendant denied this allegation, and on this issue of fact the burden of proof was upon the plaintiffs; and as they adduced no proof whatever to support this allegation, a finding in favor of the defendant on this issue was demanded; and as this was the controlling issue of fact in the case, there could have been no other legal verdict than the one returned in favor of the defendant. The verdict having been demanded by the evidence, it is immaterial whether or not there were errors in the charge of the trial judge; and the court did not err in ovrruling the motion for a new trial. *Judgment affirmed.*

DECIDED JULY 31, 1916.

Complaint; from municipal court of Atlanta. November 8, 1915.

*J. P. Brooke, Horton Brothers,* for plaintiffs.
*Smith, Hammond & Smith,* for defendant.