CROCKETT, Secretary of State, et al. v. TUTTLE, State Auditor.

No. 3656.  Decided May 10, 1921.  (197 Pac. 900.)

1. JUDGES—OFFICERS—PAYING STATE AND JUDICIAL OFFICERS FOR THREE DAYS MORE THAN FOUR-YEAR TERM INCREASES PAY AND DIMINISHES THAT OF SUCCESSORS AGAINST CONSTITUTION. Under Const. art. 7, §§ 1, 20, fixing term of state officers at four years, to receive compensation quarterly, not to be diminished or increased during term, and article 8, section 5, fixing term of district judges at four years, and Comp. Laws 1917, § 5073, as amended by Laws 1919, c. 94, fixing salary of district judges, state and judicial officers are entitled to receive four full quarters' pay in each year during their terms, so that paying them for three days beyond four full years and deducting such amount from their successor's salaries violates the Constitution.

2. TIME—WHERE CONSTITUTION LIMITS TERMS OF OFFICE TO

"YEARS," IT REFERS TO OFFICIAL, AND NOT CALENDAR, YEARS. Const. art. 7, § 1, art. 8, § 5, fixing the terms of state and judicial officers respectively as beginning on the first Monday in January after election, and fixing the tenure in "years," means official, as contradistinguished from calendar, years, so that where officers were sworn in on the first Monday of January, January 1, 1917, and their successors were sworn in January 3, 1921, it was error to pay three days' additional salary to such officers and deduct three days' salary from their successors', plaintiffs', pay.

3.   MANDAMUS—PROPER REMEDY TO ENFORCE PAYMENT OF OFFICERS' SALARIES AS FIXED BY LAW. Where salaries of state officers and district judges are fixed by law, and payment thereof in the full amount due is refused by the state auditor, a writ of mandamus is the proper remedy to enforce payment.[1]

Application for mandamus by H. E. Crockett, Secretary of, State, and others, as state officers and as Judges of the Third Judicial District, against Mark Tuttle, State Auditor. Plaintiffs interposed a general demurrer to the answer.

DEMURRER SUSTAINED, and peremptory writ of mandamus ordered to issue, but without costs.

*Harvey Cluff*, Atty. Gen., for plaintiffs.

FRICK, J.

The plaintiffs, H. E. Crockett, Secretary of State, W. A. Sutton, State Treasurer, Harvey Cluff, Attorney General, officers of the state of Utah for the ensuing term, and L. B. Wight, Ephraim Hanson, Morris L. Ritchie, William M. McCrea, G. A. Iverson, and A. R. Barnes, judges in and for the Third judicial district of the state, have instituted these proceedings for a writ of mandate against the defendant, Mark Tuttle, Auditor of this state, to require the latter as such Auditor to do the things hereinafter stated.

The plaintiffs, in their complaint, in substance alleged that

---

[1] *State* v. *Edwards*, 33 Utah, 243, 93 Pac. 720.

they are the present incumbents of the respective offices be-
fore named; that they were duly elected at the general elec-
tion in November, 1920, and succeeded their respective pred-
ecessors at noon of the first Monday of January, 1921,
pursuant to law; that under the Constitution and laws of this
state their respective salaries are fixed at a stated amount
per year, which amount is payable quarterly to each incum-
bent; that notwithstanding plaintiffs Crockett and Cluff,
under the Constitution and laws aforesaid, are each entitled
to the sum of $1,125 as salary for the first quarter of the
year 1921, the defendant, whose duty it is under the law to
issue warrants, issued to each of them as payment for said
first quarter's salary a warrant for $1,091.67, or for $33.33
less than the amount of their respective salaries; that not-
withstanding plaintiff Sutton is entitled to a salary of $750
for the first quarter of the year 1921, the defendant issued
to him as payment for said first quarter's salary a warrant
for the sum of $728.34, or for $21.66 less than his salary for
said first quarter; that notwithstanding plaintiffs L. B.
Wight, Ephraim Hanson, Morris L. Ritchie, William M. Mc-
Crea, G. A. Iverson, and A. R. Barnes, and each of them,
are entitled to salaries of $1,000 for the first quarter of the
year 1921, the defendant issued to each of them a warrant
for the sum of $966.67 only or for $33.33 less than the
amount of the respective salaries to which they are entitled
for said first quarter of the year 1921; that each and all of
the plaintiffs have made a demand upon the defendant for
the respective amounts still due them on their said salaries
with which demand defendant has refused, and still refuses,
to comply.

Upon substantially the foregoing allegations, plaintiffs
prayed for an alternative writ of mandate requiring the de-
fendant to issue to each of them a warrant for the respective
balances due them as alleged, or to show cause why he fails
to do so.   An alternative writ of mandate directed to the
defendant was duly issued and served upon him, to which he
has answered in substance as follows:   That his predecessor
in office had, before the expiration of his term of office, issued

warrants to the then incumbents of the respective offices now held by plaintiffs respectively, for the amounts that the various plaintiffs now claim to be due as payment for the first three days of January, 1921, to wit, January 1, 2, and 3, and for that reason alone defendant has refused to issue the warrants demanded by plaintiffs for the respective amounts as hereinbefore stated.

The plaintiffs interposed a general demurrer to the answer, and we are thus required to determine whether the plaintiffs are entitled to the relief asked for in their complaint.

We remark that no question is raised by any one respecting the right of plaintiffs to join in this proceeding, and hence we shall not refer to that matter further.

Our Constitution, art. 7, § 1, in substance provides that the state officers, to wit, Governor, Secretary of State, State Auditor, State Treasurer, and Attorney General, shall each hold office for four years "beginning on the first Monday of January next after his election." Section 20 of the same article in substance provides that each one of the state and district officers—

"shall receive for their services quarterly, a compensation as fixed by law, which shall not be diminished or increased so as to affect the salary of any officer during his term. * * * The compensation for said officers as prescribed * * * in all laws enacted pursuant to this Constitution, shall be in full for all services rendered by said officers, respectively, in any official capacity or employment during their respective terms of office."

In article 8, § 5, of the Constitution, the term of office of the district judges of this state is fixed at four years, commencing on the first Monday in January following the year of their election, and by Comp. Laws Utah 1917, § 5073, as amended by chapter 94, Laws Utah 1919, the salary of the present incumbents is "fixed at $4,000 per annum, payable quarterly out of the state treasury." That was also the salary of the predecessors of the present incumbents.

While, as we have seen, the official year as fixed by the Constitution commences on the first Monday of January following the year of the general election, and thus necessarily ends on that day four years later, nevertheless, since the ter-

ritory of Utah was merged into a state on January 4, 1896, the custom has always been to make the change of officers at noon on the first Monday of January following the year of the election. That custom was invoked on the first Monday of January of this year, when the plaintiffs were inducted into office and their predecessors retired. It has also always been the custom since statehood to commence the first quarter of all state and district officers, including the judges of the several district courts, on the first Monday of January of the year when they took office, and to end the last quarter of their incumbency on the corresponding day of the year when they retire from office. Under our Constitution, therefore, the official year begins on the first Monday of January of the year following the general election, and, as to all state officers and district judges, ends on the first Monday of January four years later. In speaking of all state officers, the justices of this court are not included. There are four quarters in each official year, the first quarter commencing on the first Monday of January and the last quarter ending on the first Monday of January the following year. As we have seen, the Constitution provides that the compensation or salaries of all of the state and judicial officers shall be fixed by law and that there shall be neither an increase nor a decrease of such salaries or compensation during the term for which any such officer is elected. The plaintiffs are therefore entitled to receive four full quarters' pay in each year during their terms of office, and any other state or judicial officer is entitled to the same. The predecessors of plaintiffs have, however, received compensation for four full years, that is, for sixteen quarters, and, in addition thereto, the several amounts which the defendant, in his answer, states were paid to them for the first three days of January, 1921. They were thus paid an amount in excess of the amount fixed by law for their terms of office, and the several amounts thus paid, that is, the earnings for the first three days of January, 1921, have been deducted from or taken out of the salaries of the plaintiffs. The effect of what was done is to increase the compensation of the predecessors in

office of plaintiffs for their respective terms, while plaintiffs' compensation for the first quarter of their terms has been diminished. All of this is in direct conflict with the provisions of our Constitution, and therefore cannot be sustained.

In justice to the predecessors in office of plaintiffs, we desire to add here that in view that they were inducted into office on the first Monday in January, 1917, which happened to be the first day of that month, and in further view that they continued in office until the third day of January, 1921, they no doubt assumed that, inasmuch as their terms of office extended over a period of four years and three days actual time, for that reason they were legally entitled to be compensated for that period of time. In that assumption they were in error. The Constitution fixes the beginning of the official year on the first Monday of January, and hence that year must end on the corresponding Monday of the following year, whether that day falls on the first day of the year or later, and this is so whether the official term is for one or ten years. Again, when the Constitutions speaks of "years," it refers to official, as contradistinguished from calendar, years. The incumbent, therefore, cannot commence his official term in accordance with the official year and end it in accordance with the calendar year. That, however, was what, as we think, was inadvertently done by the predecessors in office of plaintiffs, which, as we have already pointed out, is contrary to our Constitution. In view, therefore, that plaintiffs' predecessors in office have received more than they are entitled to under our Constitution, and the plaintiffs have received less than that amount, the latter are entitled to receive full compensation.

This court, in *State* v. *Edwards*, 33 Utah, 243, 93 Pac. 720, has expressly held that where salaries are fixed by law, and payment thereof is refused by the officer whose duty it is to draw a warrant, mandate is the proper remedy to enforce payment. In view of the provisions of our Constitution and the statutes to which we have referred, we are compelled to hold that the demurrer to the answer should be sustained, and that a peremptory writ of mandamus should issue, but without costs. Such is the order.

Appeal from Third District

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.