### MOSE BRYANT v. THE STATE.

#### No. 8303. Decided February 20, 1924.

#### Rehearing denied March 26, 1924.

1.—Manufacturing Intoxicating Liquor—Indictment—Jury Commissioners— Grand Jury—Freeholder.

In refusing to sustain a motion to quash the indictment based upon the facts that one of the jury commissioners who drew the grand jury which returned the indictment was not a qualified juror or citizen of the county or freeholder thereof, the court heard testimony which showed that he was a qualified juror and citizen of the county, there was no error, and the

proposition that he was not a freeholder would not suffice to cause a quashing of the indictment. Following: Whittle v. State, 43 Texas Crim. Rep., 468.

### 2.—Same—Statutes Construed—Jury Commissioner.

There is nothing in the statutes which seems to forbid that one should serve as jury commissioner twice within a twelve months period, nor is the contention that the list of grand jurors was not signed by the commissioners tenable, and there is no error.

### 3.—Same—Statutes Construed—Jury and Jury Law.

Our statutes direct that if the jurors regularly drawn be disqualified or discharged or fail to appear from any cause and there be no jury, that the trial court shall proceed as was done by the judge in this particular instance, and there is no error.

### 4.—Same—Charge of Court—Words and Phrases—Principals.

Where, upon trial of manufacturing intoxicating liquor, the court charged the jury that they should convict if they believed beyond a reasonable doubt that the appellant directly or indirectly manufactured the liquor in question, and that if appellant either alone or in connection with any other person or persons made and liquor he should be found guilty, there is no reversible error.

### 5.—Same—Evidence—Witnesses—Suspended Sentence.

An objection to certain witnesses upon the ground that they had been convicted of felony was not tenable, in view of the fact that the sentence of each had been suspended.

### 6.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of unlawfully manufacturing intoxicating liquor the court charged correctly upon circumstantial evidence, there was no error in refusing the requested charge.

### 7.—Same—Rehearing—Indictment—Grand Jury—Jury Commissioners.

The appellant's motion for rehearing which renews his attack upon the indictment because the same should be quashed upon the ground that it was returned by a grand jury which had been selected by a jury commission one of whose members was not a freeholder in the county and the case is hereby overruled.

### 8.—Same—Indictment—Challenge to Array.

Whatever the form the attack upon the indictment in the present case takes, it is necessarily an attack upon the legality of the grand jury as a whole, and, therefore, must necessarily be construed as an attack upon the array upon a ground not recognized by the law, and there was no error in overruling appellant's motion to quash.

Appeal from the District Court of Freestone. Tried below before the Honorable J. R. Bell.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Williford & Geppert, T. H. Bonner,* and *Boyd & Smith,* for appellant.—On question of selecting grand jury: Johnson v. State, 218 S. W. Rep., 496; McKinney v. State, 66 id., 769.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Freestone County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are many bills of exception in the record which present objections to the same proceedings apparently from what appears to the appellant to be different angles. These matters will be treated by us in conjunction.

A searching party including officers went to appellant's premises on the night in question and watched same for some time. They finally saw a car drive up to appellant's house and remain for a period of time estimated at something less than half an hour. Various parties were seen in and around the car and going from it to where a still was subsequently discovered, and it was in testimony that one of the parties was identified by his voice as appellant. When the car finally left the house it was stopped by the searching party about seventy-five or one hundred yards away and in it were two negroes and a demijohn containing several gallons of whisky. Upon going to the house a still was found in appellant's smokehouse situated some three feet from the residence, said still being in operation. Appellant and his wife were not at the house but appellant was shortly thereafter arrested. The car belonged to appellant. Both the negroes who were in it appear to have been convicted for transporting intoxicating liquor but the sentence of each was suspended. Both of them were used as witnesses against appellant.

By a bill of exceptions complaint is made of the court's refusal to sustain the motion to quash the indictment based upon the fact that one Hood was one of the jury commissioners that drew the grand jury which returned the indictment and that said Hood was not a qualified juror nor citizen of the county, nor a freeholder therein. The court heard testimony upon the issues raised by the motion to quash, which testimony appears in the record and from which we conclude no error was committed in holding Mr. Hood to be a qualified juror and a citizen of the county. On the proposition that not being a freeholder would suffice to cause a quashing of the indictment, we conclude that Whittle v. State, 43 Texas Crim. Rep., 468, settles the matter adversely to appellant's contention. We do not think the fact that another of the jury commissioners had served in a similar capacity in October, 1922 would render him incompetent to

be a jury commissioner in April, 1923. There is nothing in the statute which seems to forbid that one should serve as jury commissioner twice within a twelve months period, and in our opinion the service in October of one calendar year would not forbid another service during the early part of the succeeding calendar year. The statute, Article 5123, Vernon's Complete Statutes, intends to prevent the acting twice by the same commissioner during a calendar year. See Words and Phrases under "year". Article 5504 of said statutes expressly says the word "year" shall be taken to mean calendar year. The contention that the list of grand jurors was not signed by the commissioners, nor returned and filed with the clerk and therefore the grand jury sould be quashed, does not seem to us to present merit in view of the fact that it was in testimony beyond dispute that the list of grand jurors so drawn and returned was in fact the one from which the grand jury that found the indictment in the instant case was drawn.

From another bill of exceptions and the qualification appended thereto by the learned trial judge, we learn that appellant made a motion to quash the jury panel for the fourth week which was sustained, whereupon the court directed the sheriff to summon thirty-six men to serve as a jury for the week. The objection to the service of said panel seems to be presented in said bill. Our statutes direct that if the jurors regularly drawn be disqualified or discharged or fail to appear from any cause and there be no jury, that the trial court shall proceed as was done by the judge in this particular instance. We think appellant cannot complain.

A large number of bills complain of that part of the charge which told the jury that they should convict if they believe beyond a reasonable doubt that the appellant "directly or indirectly" manufactured the liquor in question; also of that part of the charge wherein was submitted the proposition that if appellant either alone or in connection with any other person or persons, made said liquor, he should be found guilty. We see no good purpose that would be served by setting out at length the particular objections that were urged in the various bills of exception to the parts of the charge referred to. In our opinion the submission of the case to the jury in the form mentioned was justified by the facts and by the law. It is provided in what is known as the Dean Law that any person who either directly or indirectly manufactures, etc. intoxicating liquor, shall be deemed guilty, and there can be no question raised of the correctness, when supported by proper testimony, of the submission to the jury of the law of principals. We have stated enough of the evidence above to show that the question might be in the case as to whether appellant or some other member of his family with his knowledge manufactured the liquor. This would seem to make proper the sub-

mission to the jury the question of whether he made it directly or indirectly, and also of whether he acted either alone or in connection with some other person in the making of the liquor. We do not see how the submission of either proposition places an unnecessary burden upon the appellant, nor how it can be said that a conviction could be secured upon less evidence than if the charge was different.

Objection to the testifying of the two negroes found in the car by the searching party, upon the ground that they had been convicted of felonies, would not seem tenable in view of the fact that the sentence of each had been suspended.

We have carefully examined the charge of the court on circumstantial evidence as well as the special charge asked upon that issue and do not believe the charge open to the exception directed at it, nor that there is such difference between its verbiage and that of the special charge as to require the giving of the latter.

In our opinion the appellant has received a fair trial and that no error was committed that could in any way prejudice his case, and the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### March 26, 1924.

HAWKINS, JUDGE.—In his motion for rehearing appellant renews his attack upon the indictment averring that the same should be quashed upon the ground that it was returned by a grand jury which had been selected by a jury commission one of the members of which commission was not a freeholder in the county, and asserting that Whittle v. State, 43 Texas Crim. Rep., 468, 66 S. W. 711 is not authority for the holding in the original opinion. It is asserted that in the case referred to the question before the court arose upon the refusal of the trial judge to *quash the array of jurors*, but that such is not the question in the instant case. The only distinction we can see is that in the instant case the effect of the motion to quash the indictment was an attack upon the array of grand jurors which returned the indictment, whereas in Whittle's case the effect of it was to attack the array of petit jurors. That appellant regarded the attack in the light of a challenge to the array of the grand jury is apparent from the fourth ground of his motion to quash which reads as follows:

''Defendant further shows to the Court, that he had not heretofore at any time waived any right to appear before this Court, and file this challenge to the array of the Grand Jury, neither has he at any time heretofore waived his right to appear and move the Court

to set aside and hold for naught the action of the Grand Jury in returning the Bill of Indictment against him in this cause, for the reason that the Defendant was not under bond at the time of the impaneling of said Grand Jury to answer any charge said Grand Jury might present against him, and had no knowledge whatsoever of the action of the Grand Jury in this cause until he was arrested.''

Assuming for the purpose of this discussion that appellant presented his motion at the first possible moment it could have been called to the attention of the court, yet it still remains true that his grounds, if any, for quashing the indictment are the same that could have been urged if he had had an opportunity to present it as a challenge to the array of the grand jury.

Article 384 of our Code of Criminal Procedure provides as follows: ''The district judge shall, at each term of the district court, appoint three persons to perform the duties of jury commissioners, who shall possess the following qualifications: 1. They shall be intelligent citizens of the county, and able to read and write. 2. They shall be freeholders in the county, and qualified jurors in the county. 3. They shall be residents of different portions of the county. 4. They shall have no suit in the district court of such county, which requires the intervention of a jury.''

Article 409 of our Code of Criminal Procedure provides as follows: ''Any person, before the grand jury has been impaneled, may challenge the array of jurors or any person presented as a grand juror; *and, in no other way, shall objections to the qualifications and legality of the grand jury be heard.*''

Now, to revert to the Whittle case (supra) to determine whether it is in point upon the question before us. The defendant in that case moved to quash the array of petit jurors on the ground that one of the commissioners who drew the jury was interested in three civil suits which required the intervention of a jury, and further, that said jury commissioners were not residents of different portions of the county. This court, speaking through Judge Henderson said:

''In this case the objection was made to the jury on their impanelment, so that we are squarely confronted with the question whether or not the refusal of the court to entertain the motion at the earliest moment when it could be made was error. If we so hold, unless each of the commissioners shall possess all of the qualifications prescribed, then in every case in which a jury is tendered, drawn by said commissioners, the jury list should be set aside, because the language in reference to each clause prescribing the qualifications of commissioners is equally mandatory; and because two of the commissioners should be residents of the same portion of the county would equally disqualify the jury drawn, as if it should turn out that they should not be qualified jurors and freeholders of the county. In order to impose this test, it is said that the rule that injury must be shown

before a party can avail himself of the objections to the commissioners would be impossible; that the law having prescribed the machinery for the selection of. the jury, he has suffered a legal injury, though it may not be possible to show any actual injury. It occurs to us if, because the machinery provided for the selection of jury commissioners has not been strictly followed, a jury drawn by them should be set aside on the ground that legal injury will be presumed, would be productive of such confusion as to produce a public hardship, which ought not to be brought about except upon the strongest reasons. Evidently the lawmakers had this in view when they provided for the character of challenge to the array. Article 660 (now 679), Code of Criminal Procedure, provides for a challenge to the array on the part of the State; and Article 661 (now 680) provides for a challenge on the part of defendant, to the effect that the officer summoning the jury has acted corruptly, and has willfully summoned persons upon the jury known to be prejudiced against defendant, with the view to cause him to be convicted. Article 662 (now 681) provides that the two preceding articles do not apply when the jurors summoned are those who have been selected by jury commissioners. In such case no challenge to the array is allowed. *Now, the challenge to the jurors in this case, though presented as a motion to quash, was simply a challenge to the array;* (italics ours) and if article 662 (now 681) means anything, it means what it says: that is, a challenge to the array cannot be made to a jury selected by jury commissioners. See authorities cited in White's Ann. Code Crim. Proc., under Article 662. So that this article of the procedure, in connection with the articles prescribing the qualifications of the jury commissioners, must be construed in pari materia; in other words, the article of our code places a limitation on challenges to the array, and prescribes that it shall not be done where the jury have been selected by jury commissioners. And the former articles further suggest that the challenge to the array can only be made when prejudice is shown. Even if we apply this test, what prejudice is shown where one of the commissioners is interested in some civil suit not connected at all with the prosecution in this case. We are not now discussing a case where the jury commissioners are shown to have acted corruptly in the particular case in drawing a list of jurors to secure the conviction of defendant. It has been held that other causes may exist for the quashal of the array outside of the statute; but in all such cases violation of some constitutional guaranty or some injury must be shown. Carter v. State, 39 Texas Crim. Rep., 352; Williams v. State, 20 Texas Crim. App., 359. We hold that the court did not err in refusing to entertain the motion.''

We have quoted at length from Whittle's case (supra) not only because we believe it to be a direct precedent upon the point now

97 T. C.—2.

under discussion but because it appears to be sound both upon principle and reason. It will appear from Articles 409 and 412, Code of Criminal Procedure, that the framers of our law wisely concluded that there should be a limitation upon the time when, and the ground upon which, an attack could be made upon the qualification and legality of a grand jury. Article 412 provides that:

"A challenge to the array shall be made in writing, and for these causes only:

1. That the persons summoned as grand ·jurors are not, in fact, the persons selected by the jury commissioners.

2. In case of grand jurors summoned by order of the court that the officer who summoned them had acted corruptly in summoning any one or more of them."

Whatever form the attack upon the indictment in the present case takes it is necessarily an attack upon the legality of the grand jury as a whole, and therefore must necessarily be construed as an attack upon the array upon a ground not recognized by the law. For the reasons heretofore stated we conclude the learned trial judge not to have been in error in overruling appellant's motion to quash the indictment.

The other grounds of complaint set up in the motion for rehearing were all considered, if not fully discussed, and we fail to discover anything which would cause us to change our views in the former disposition of the case.

The motion is therefore overruled.

*Overruled.*