## COOPER v. UNITED STATES.

No. 48852.

Court of Claims.

Jan. 3, 1949.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

Hugh H. Obear, of Washington, D. C., for plaintiff.

Edgar T. Fell, of Washington, D. C., H. G. Morison, Asst. Atty. Gen. (John R. Franklin, of Washington, D. C., on the brief), for defendant.

WHITAKER, Judge.

Until September 8, 1947, plaintiff was a United States district judge for the District Court of Puerto Rico. On that date he retired. He sues for the compensation to which he says he is entitled under Title 28 U.S.C.A. § 375g [now § 373]. That section provides for the payment to a district judge of a territorial court, who retires after having served for a period or periods aggregating ten years or more, of "a sum equal to such proportion of the salary received by such justice or judge at the date of such retirement as the total of his aggregate years of service bears to the period of sixteen years".

When plaintiff retired he had served 13 years, 7 months, and 11 days. He has been paid on the basis of $13\frac{}{}_{16}$ of the salary he received at the time of his retirement. He sues for the additional amount to which he claims he is entitled because of the length of time he served beyond 13 years; to wit, 7 months and 11 days.

The question presented is whether or not the phrase in the above quoted Act, "his aggregate years of service," means the number of complete years which he had served, or whether it means the total period of time which he served.

We can think of no reason why Congress intended to limit the computation of the retired pay of retired territorial judges to complete years of service; we can think of no reason why it intended to deny compensation based upon the time served in addition to the last complete year of service. The committee report shows that at the time of its passage the Act had application to only a very few persons; to wit, 12 in number. The number being so limited, Congress could not have had in mind eliminating the service beyond a complete year in order to make more easy the computation of the amount due. We can think of no other reason why it could have in-

tended to eliminate the time served after the last complete year.

Even in the case of Civil Service employees, whose number runs into the hundreds of thousands, in providing for retired pay Congress chose to eliminate only fractional parts of a month; it did not eliminate the fractional part of a year served, Title 5 U.S.C.A. § 707.

Likewise, in the Foreign Service Classification Act, Congress eliminated only the fractional part of a month in computing their employees' retirement pay, but did not eliminate the fractional part of a year, Title 22 U.S.C.A. § 1076(a). The number of Foreign Service employees runs into the thousands, whereas the number covered by the Act in question was only a dozen at the time the Act was passed.

It would seem that the committee of the Senate reporting this bill did not regard the expression "years of service" to mean complete years of service, and to exclude fractional parts of a year, because in the table attached to its report setting forth the number of persons affected by the bill, in listing the service of various judges, it included under the heading "number of years served" the number of months served, as well as the number of years. Under this heading it listed the Judge of Division 1 of the District Court of Alaska as having served 11 years and 9 months; the District Judge of Division 2 of Alaska, 4 months; of Division 3, 1 year, 2 months; of Division 4, 9 years, 10 months; Canal Zone, 7 years, 1 month; Puerto Rico, 11 years, 3 months.

We think the expression "years of service" as used in the Act is synonymous with "period of service." On one other occasion, at least, Congress has used this expression in this sense. Title 22, section 1076(a), U.S.C.A., provides for the annuity to be paid Foreign Service Officers. It provides for an annuity of 2 percent of his average basic salary for a certain period "multiplied by the number of *years of service,*" and then it says, "In determining the *aggregate period of service* upon which the annuity is to be based, the fractional part of a month, if any, shall not be count-

ed." [Italics ours.] It is evident, therefore, that in this Act, at least, Congress used the expression "years of service" as synonymous with "period of service". Certainly it was not intended in that Act to eliminate the months served in addition to the last complete year.

Other courts have not restricted the term "year" to a period of 365 days. The Supreme Court of Nebraska in Reusch v. City of Lincoln et al., 78 Neb. 828, 112 N. W. 377, 378, said:

"* * * The term 'year' usually means calendar year, but not always, since its meaning is often determined in contracts by the intention of the parties. It may mean the cropping season in farming operations, or the fruit season among horticulturists, and, in like manner, may be a longer or shorter period of time than 12 months, according to the connection in which it is used."

There is cited as authority the following cases: Brown v. Anderson, 77 Cal. 236, 19 P. 487; Williams v. Bagnelle, 138 Cal. 699, 72 P. 408; Grant v. Mattox, 15 Mees. & W. 737; Knode v. Baldridge, 73 Ind. 54; Inhabitants of Paris v. Inhabitants of Hiram, 12 Mass. 262; Thornton v. Boyd, 25 Miss. 598.

The District Court of Appeals of California in Guy v. Brennan, 60 Cal.App. 452, 213 P. 265, 267, says:

"Estates for years embrace all terms limited to endure for a definite and ascertained period, however short or long this period may be; that is to say, they embrace terms for a fixed number of weeks or months, or for a single year, as well as for any definite number of years, however great."

In support of this it cites Stoppelkamp v. Mangeot, 42 Cal. 316, holding that a lease for one month is technically a tenancy for years. See also Hops v. Poe, 25 Cal.App. 451, 143 P. 1072.

Congress on occasion has limited retirement pay to complete years of service, as in Title 10 of U.S.C.A. § 977, relative to warrant officers of the Mine Planter Service, and in section 978 relative to commissioned personnel. In both instances it

based their retired pay on "complete years" of service; but in the case at bar no such expression was used.

Since we can think of no reason why Congress should have intended to limit the period served by such judges to complete years of service, and to have intended to eliminate the fractional part of a year, we hold that they used the expression "years of service" as synonymous with "period of service."

For the reasons stated, we think defendant's demurrer is not well taken. It will be overruled.

HOWELL, MADDEN, and LITTLETON, Judges, and JONES, Chief Judge, concur.