NATHAN NEWMAN *ET AL.*, PLAINTIFFS-APPELLANTS, v. BOROUGH OF FAIR LAWN, BERGEN COUNTY, NEW JERSEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued December 7, 1959—Decided January 11, 1960.

*Mr. Seymour Cohen* argued the cause for plaintiffs-appellants (*Mr. Joseph Coult,* on the brief).

*Mr. Samuel S. Black* argued the cause for defendants-respondents.

*Mr. Edward Sachar,* upon leave granted, argued the cause for New Jersey Federation of Official Planning Boards, *amicus curiae (Messrs. Sachar, Sachar & Bernstein,* attorneys; *Mr. Stanley Cutler,* on the brief).

The opinion of the court was delivered by

BURLING, J.   This appeal arises from an action in lieu of prerogative writ brought in the Superior Court, Law Division, challenging the validity of an ordinance of the Borough of Fair Lawn, No. 734, approved June 23, 1959. This ordinance purported to create a municipal planning board pursuant to *N. J. S. A.* 40:55–1.4, to abolish the then existing planning board, and to terminate the terms of office of all members of that board, including plaintiffs. Before any action was taken by the governing body of Fair Lawn pursuant to this ordinance, the plaintiffs initiated their suit in lieu of prerogative writ.   After filing an answer and counterclaim, defendants moved for summary judgment in their favor both as to plaintiffs' complaint and defendants' counterclaim.   The trial court granted the motion insofar as it related to the counterclaim, thereby disposing of the whole matter.   57 *N. J. Super.* 408 (*Law Div.* 1959).   The plaintiffs prosecuted an appeal to the Superior Court, Appellate Division, and while the cause was pending there and before argument we certified it on our own motion.

A municipal planning board for the Borough of Fair Lawn was first created by ordinance in 1939 pursuant to the enabling legislation existing at that time.   A nine-member board was provided for, one Class I member, the mayor; one Class II member, a municipal official designated by the mayor; one Class III member, a member of the governing

body appointed by it; and six Class IV members, local residents appointed by the mayor. The duration of the terms of the Class IV members was limited by the following language of the statute:

"The term of one member of Class IV first appointed shall expire at the end of each year beginning at the end of the first year. Thereafter the term of each shall be the same number of years as there are members of Class IV on the board." *L*. 1930, *c*. 235, § 2, *repealed L*. 1953, *c*. 433, § 28.

Identical language has been used in the existing statute. *N. J. S. A.* 40:55–1.4. Thus the first appointments of Class IV members for nine-member boards are for terms of one through six years. As the terms of original members expire, reappointments are for terms of six years. In this manner, the term of one Class IV member expires each year.

After some initial confusion as to duration of terms of Class IV members which lasted for the first six years of the Fair Lawn Board's existence, the scheme described above was carried out. Terms were made to expire on the last day of the year. In 1948, however, when the borough adopted the council-manager form of government, the terms of Class IV members were made to expire on March 1 of each year. This procedure continued through to the passage of the ordinance in question and constitutes the basis of the present difficulties. In 1954 the borough adopted ordinances which gave the planning board additional powers allowed by the Municipal Planning Act (1953), *N. J. S. A.* 40:55–1.1 *et seq.*, and the expiration date of the terms of Class IV members continued to be March 1. The plaintiffs are five of six members of the planning board in existence prior to the adoption of the ordinance in question. Their terms of office were set to expire on March 1 of 1960 through 1964 respectively.

After the municipal elections in May 1959, which placed a new mayor and council in office, the attorneys for the planning board and borough decided that the Municipal Planning Act (1953), by *N. J. S. A.* 40:55–1.4, required

the terms of each Class IV member of planning boards to expire on the last day of the calendar year, *i. e.,* December 31. This conclusion was reached by interpreting the statute in question to state:

"The term of one member of Class IV first appointed shall expire at the end of each [calendar] year beginning at the end of the first year."

Reasoning from this premise, and noting that the appointment of the plaintiffs expired on a different date than December 31, it was concluded that plaintiffs' appointments were void, that the existing planning board for the Borough of Fair Lawn was improperly constituted.

Plaintiffs' complaint initiating the instant case followed shortly after the governing body of Fair Lawn approved the ordinance in question. The only substantial issues raised which require discussion are whether the Legislature, by the phrase "the end of each year," intended December 31, and if so, whether this invalidates the appointments of plaintiffs.

Does the phrase "end of each year" as used in *N. J. S. A.* 40:55–1.4 mean December 31 of each year? Defendants answer this question in the affirmative, arguing that "year" means calendar year, *i. e.,* the period between January 1 and December 31. Plaintiffs on the other hand argue that "year" as used in the statute means year of service.

*N. J. S. A.* 1:1–2 provides:

"Unless it be otherwise expressly provided or there is something in the subject or context repugnant to such construction, the following words and phrases, when used in any statute and in the Revised Statutes, shall have the meaning herein given to them.

\* \* \* \* \* \* \* \*

\* \* \* 'year' means a calendar year."

A calendar year runs from January 1 to December 31. *American Woolen Co. v. Edwards,* 90 *N. J. L.* 69 *(Sup. Ct.* 1916), affirmed 90 *N. J. L.* 293 *(E. & A.* 1917); *State v. Van Gunten,* 84 *Ohio St.* 172, 95 *N. E.* 664 *(Sup. Ct.* 1911);

*Wilson v. Board of Education,* 394 *Ill.* 197, 68 *N. E.* 2d 257 (*Sup. Ct.* 1946) ; *Bryant v. State,* 97 *Tex. Cr. R.* 11, 260 *S. W.* 598 (*Ct. Crim. App.* 1924). This is unquestionably the meaning of "calendar year" in *N. J. S. A.* 1 :1–2.

The word "year" has been given many meanings. Sometimes it is defined to mean a 365-day, or twelve-month, period, regardless of when it begins or ends. *Crockett v. Tuttle,* 58 *Utah* 213, 197 *P.* 900 (*Sup. Ct.* 1921) ; *Sims v. City of Bremerton,* 190 *Wash.* 62, 66 *P.* 2d 863 (*Sup. Ct.* 1937). See *Knode v. Baldridge,* 73 *Ind.* 54, 55 (*Sup. Ct.* 1880) where it was stated:

"The term 'year' does not necessarily mean the period commencing with the 1st day of January and ending with the 31st day of the succeeding December. When the word 'year' is used, twelve calendar months are usually intended, but not necessarily the twelve months commencing with the first and ending with the twelfth month of the calendar arranged by the Statute of George the Second."

Sometimes the word is used not even in this definite sense, but rather as a political or election year, *State ex rel. Stadter v. Patterson,* 197 *Or.* 1, 251 *P.* 2d 123 (*Sup. Ct.* 1952), *Hops v. Poe,* 25 *Cal. App.* 451, 143 *P.* 1072 (*Dist. Ct. App.* 1914) ; or a school year, *Williams v. Bagnelle,* 138 *Cal.* 699, 72 *P.* 408 (*Sup. Ct.* 1903), or growing season, *Brown v. Anderson,* 77 *Cal.* 236, 19 *P.* 487 (*Sup. Ct.* 1888), all of which may be greater or less than 365 days. However, when used in a statute, and especially where the Legislature has indicated how the word should be construed in the absence of an obviously contrary intent, "year" is taken to mean the period between January 1 and December 31, unless strong reasons compel a contrary conclusion. *Brooke v. Atlantic Woolen Mills,* 18 *Ga. App.* 505, 89 *S. E.* 598 (*Ct. App.* 1916) ; *J. L. Hammett Co. v. Alfred Peates Co.,* 217 *Mass.* 520, 105 *N. E.* 370, *L. R. A.* 1915A, 334 (*Sup. Jud. Ct.* 1914) ; *Pere Marquette R. Co. v. Kalamazoo, L. S. & C. Ry. Co.,* 158 *Mich.* 40, 122 *N. W.* 356 (*Sup. Ct.* 1909).

In order to construe "end of each year" in *N. J. S. A.* 40:55–1.4 to mean "end of each year of service" as opposed to "end of the calendar year," thus avoiding the effect of *N. J. S. A.* 1:1–2, convincing grounds must be advanced to show that this was the legislative intent. To carry this burden, plaintiffs first argue that in other places the Legislature has provided for specific dates on which terms of offices are to expire, citing *R. S.* 40:81–4 and 5, *N. J. S. A.* 40:46–6, 40:46–6.1, and 40:46–6.2, reasoning that if the Legislature had intended a specific date to apply to *N. J. S. A.* 40:55–1.4 it would have done so. But this is not convincing, since the word "year," at least in the sense in which it is defined in *N. J. S. A.* 1:1–2, does connote a specific date when used in the phrase "end of each year." Plaintiffs' second argument proceeds on the grounds that the "end of each year" phrase was included in the Planning Act of 1930, and that many municipalities creating planning boards under that act set the expiration dates of the terms of Class IV members at times other than at the end of the calendar year. Thus, plaintiffs contend, when the Legislature incorporated the same phrase in the Planning Act of 1953 it impliedly accepted this flexible construction of the phrase given by the municipalities. While it is true that this circumstance, *i. e.,* practical construction prior to re-enactment, assists in uncovering legislative intent and may be taken into consideration, *cf. Egan v. Erie R. Co.,* 29 *N. J.* 243, 250 (1959), the rule is of questionable value where, as here, the record does not indicate the extent of the practice alluded to by plaintiffs. It may be that between the date of passage of the original Municipal Planning Act, 1930, and 1953 that many municipalities construed "end of each year" to mean year of service, but it may also be that other municipalities interpreted the phrase to mean calendar year. And there is nothing to indicate which practical construction the Legislature contemplated. In the absence of circumstances more logically compelling, we cannot make use of the rule of construction

advanced by plaintiffs. See 3 *Sutherland, Statutory Construction*, § 5109 (*3d ed.* 1943).

Construing "year" in *N. J. S. A.* 40:55–1.4 to mean calendar year does not prevent original Class IV members of a municipal planning board created in the middle of a calendar year from taking office at the time the board is created or as soon thereafter as they can qualify. Such a construction will not force them to wait to begin their terms until the first of the year. The statute merely says that their terms will expire at the end of the year, beginning at the end of the first year. This means that the term of one original Class IV member expires on December 31 of the calendar year during which he was appointed, another such member's term a year later, and so on. The statute so construed does not prevent the terms of original Class IV planning board members from beginning at some other time than at the beginning of the calendar year.

The Legislature not having "otherwise expressly provided" and there being nothing "in the subject or context repugnant to such construction," we are constrained to define "year" in the manner prescribed by the Legislature in *N. J. S. A.* 1:1–2, *i. e.*, a calendar year.

Since the plaintiffs' appointments were to March 1, instead of December 31 as provided by the statute, *N. J. S. A.* 40:55–1.4, does it follow that the appointments are completely without effect? If so, the plaintiffs are without title to the office and cannot complain of any action of the municipality taken with respect to it. *Florey v. Lanning*, 90 *N. J. L.* 12 (*Sup. Ct.* 1917). That the appointments are void from their inception by reason of the failure of the appointing body to appoint for the proper term finds support in cases decided by the former Supreme Court, *Salter v. Burk*, 83 *N. J. L.* 152 (*Sup. Ct.* 1912); *Florey v. Lanning*, 90 *N. J. L.* 12 (*Sup. Ct.* 1917); *Niccolini v. Ubertino*, 96 *N. J. L.* 306 (*Sup. Ct.* 1921); *Cafiero v. Peterson*, 103 *N. J. L.* 220 (*Sup. Ct.* 1927), and a later case in the present Superior Court, *Monte v. Milat*, 17

*N. J. Super.* 260 (*Law Div.* 1952). Thus for the first time a court of last resort of this State is required to decide whether to accept the principle on which these cases were decided.

The case on which the entire line of authority rests is *Salter v. Burk,* 83 *N. J. L.* 152 (*Sup. Ct.* 1912). That case involved a contest for the office of clerk of the City of Trenton. The term of this office was three years, but the commissioners of the city appointed Salter to a lesser term. When the date set for the expiration of Salter's term passed, the commissioners made a new appointment. Salter challenged the right of the new appointee to the office, claiming that he, Salter, held title to the office by virtue of his appointment for three years from the date of the appointment, notwithstanding the shorter period mentioned in the appointment. The court held that the limitation put upon the appointment was invalid and also held that this rendered the entire appointment void. The court said:

"It was not an appointment for three years, which the law prescribed, and therefore the attempt by such resolution to fill the office must be deemed invalid, and hence a vacancy, in contemplation of law, existed in the office * * *." 83 *N. J. L.*, at *page* 157.

The court gave authority for its conclusion that the attempt of the commissioners to set a term for the office of different duration from that established by statute was ineffective. *O'Rourke v. City of Newark,* 66 *N. J. L.* 109 (*Sup. Ct.* 1901), affirmed 66 *N. J. L.* 265 (*E. & A.* 1901) was cited. See also 3 *McQuillin, Municipal Corporations,* § 12.114 (*3d ed.* 1949). But no authority was given for the conclusion that the attempted limitation on the duration of the term rendered the entire appointment void. Indeed, an examination of the cases reveals that the weight of authority elsewhere supports the contrary conclusion.

In *Stadler v. City of Detroit,* 13 *Mich.* 346 (*Sup. Ct.* 1865), the statute set the term of an office at two years. The city counsel appointed Stadler to that office, but limited the

appointment to one year. Stadler sought to retain the office longer than one year and the ensuing litigation reached the Michigan Supreme Court which resolved the conflict in Stadler's favor. In an opinion by Cooley, J., the court stated:

"The term of the office being for two years the council had no power to limit it to one by their resolution and appointment, and we have no doubt the appointment of the plaintiff was a valid one for the full statutory period." 13 *Mich.*, at *page* 347.

In *Hale v. Bischoff*, 53 *Kan.* 301, 36 *P.* 752 (*Sup. Ct.* 1894), dealing with a similar problem, the court stated:

"The rule is that where, by the correct construction of a city charter, the term of a city officer is fixed at two years, and a person is appointed to the office for one year only, the appointment is valid for the full statutory period." 36 *P.*, at *page* 754.

This rule has been applied on numerous occasions. *Clark v. State ex rel. Graves,* 177 *Ala.* 188, 59 *So.* 259 (*Sup. Ct.* 1912); *City of Nashville v. Whitley,* 53 *Ga. App.* 587, 186 *S. E.* 717 (*Ct. App.* 1936); *Dodsworth v. Mayor of Medford,* 308 *Mass.* 62, 30 *N. E.* 2d 835 (*Sup. Jud. Ct.* 1941); *State ex inf. Hadley v. Corcoran,* 206 *Mo.* 1, 103 *S. W.* 1044 (*Sup. Ct.* 1907); *Sullivan v. Taylor,* 279 *N. Y.* 364, 18 *N. E.* 2d 531 (*Ct. App.* 1939); *People v. Dooley,* 171 *N. Y.* 74, 63 *N. E.* 815 (*Ct. App.* 1902). In the *Dodsworth* case, *supra,* the court could find no contrary authority save the New Jersey cases, all based on the unsupported holding in *Salter v. Burk, supra.* We conclude, therefore, that the *Salter* case, insofar as it held void an appointment to an office of a different term from that set by statute, is based upon an erroneous conception of the applicable principle of law, and we do not adopt it, applying instead the principle stated in the *Stadler* case by Justice Cooley, *i. e.,* that the appointment is for the full legal term, notwithstanding the appointing body's attempt to give it a different duration.

We hold that plaintiffs' appointments are valid, although for a different period from that stated in the appointing resolutions. This being so, the governing body of the Borough of Fair Lawn was without authority to deprive plaintiffs of their office in the manner attempted. The action of the trial court granting defendants' motion for summary judgment was error, and the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR and SCHETTINO—6.

*For affirmance*—None.