CURTIS INMAN v. THE STATE.

No. 8729.   Delivered March 18, 1925.

Rehearing denied May 13, 1925.

**1.—Rape—Grand Jury—Properly Drawn.**

Where appellant filed a motion to quash the grand jury returning the indictment on the ground that the grand jury was improperly drawn because the jury commissioners had been furnished by the county clerk with a list of exempt persons, it was properly overruled, nothing appearing in the record to show that Upshur County is under the operation of the jury wheel law. What has just been said applies also to his motion to quash the venire on the same ground.   Art. 387, C. C. P. Distinguishing Atwood v. State, 257 S. W. 563.   Following Bryant v. State, 260 S. W. 563.

**2.—Same—Confession of Accused—Properly Admitted—In Rebuttal.**

Where the state in rebuttal, and for the purpose of contradicting appellant's testimony, introduced in evidence a confession made by him, no error was committed, the confession introduced having been made in compliance with the statute.

**3.—Same—Continuance—For Character Witnesses—Properly Refused.**

Where a motion for a continuance is made on account of the absence of character witnesses it was properly refused.   Many cases are cited in subdivision 24, under Art. 608, Vernon's C. C. P., holding that the absence of character witnesses would not be ground for a continuance.

**4.—Same—Continuance—For Absent Witness—Properly Refused.**

Where a continuance was asked on account of the absence of a witness by whom appellant alleged that he expected to prove a certain incident, showing animus of the prosecutrix toward him, and on the trial appellant, who testified in his own behalf, did not refer to such incident, and did not cross-examine prosecutrix as to same, the continuance was properly refused.

**5.—Same—Continuance—Absence of Wife—Properly Refused.**

Where appellant requested a continuance on account of the absence of his wife, for whom no diligence had been used to secure her attendance, and in his motion for a new trial did not attach her affidavit, and upon hearing evidence when passing upon said issue the learned trial judge, held against him and refused to grant him a new trial, nothing as it is presented to us, shows any abuse of his discretion, and no error is shown.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for rape; penalty, five years in the penitentiary.

The opinion states the case.

No brief filed by the appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Upshur County of rape, and his punishment fixed at five years in the penitentiary.

The facts need not be stated save as they appear in connection with the questions of law involved. They are sufficient to support the judgment.

Appellant moved to quash the indictment on the ground that the grand jury was improperly drawn, two reasons being advanced in the motion as a basis for the position, viz: first, that the district judge in "organizing the jury commissioners at the last term of court instructed said commissioners to go to the county clerk and obtain from him a list of road overseers, firemen in the city of Gilmer, and for them not to summon road overseers, city firemen, millers and preachers in the active discharge of their duties, said persons being exempt"; the other reason assigned was that the jury commissioners were not furnished a list of the discharged jurors. Neither in law nor in fact was such motion supported. It is specifically provided in Art. 387 of our C. C. P. that the jury commission shall be furnished with the names of persons appearing from the record to be exempt or disqualified from the jury service. There is nothing to show that Upshur County is under the operation of the jury wheel law, nor that the opinion of this court in the Atwood case, 257 S. W. Rep. 563, has any application. The motion was properly overruled. Bryant v. State, 260 S. W. Rep. 598. What we have just said applies also to the motion to quash the venire, based on the same grounds. These matters are complained of in appellant's first two bills of exception.

The third bill of exceptions presents appellant's objection to the introduction of a written statement made by him to the county attorney, same being introduced by the State in its rebuttal testimony. We think same properly admitted. The evident purpose of its introduction was to show that therein appellant denied the presence of his wife at the scene of the alleged rape at the time or within a short time after its occurrence, as testified to by him on the trial. Notwithstanding the fact that appellant appears to have been under arrest at the time, it is evident that the statutory warning was given him, and there is no claim of any kind that the statement was not freely and voluntarily made.

The remaining bill was to the refusal of a continuance which was sought because of the absence of certain character witnesses and witness by whom appellant expected to show an occurrence some time before the alleged rape at which time it was averred prosecutrix got mad with appellant,—and also because of the absence of appel-

lant's wife. As to the character witnesses, many cases are cited
in subdivision 24 under Art. 608 of Vernon's C. C. P. holding
that the absence of character witnesses would not be ground for a
continuance. As to those witnesses by whom appellant expected to
prove the occurrence supposed to have made prosecutrix mad at
him, we observe that no question was asked prosecutrix while on
the witness stand the effect of a truthful answer to which would
have been to show any animus on her part toward appellant, nor
is there anything in his testimony to suggest that she entertained
any ill will toward him, or that the occurrence mentioned and expected
from said witnesses, took place. It is stated in the application that
by his wife appellant expected to prove that on the day of the
alleged rape he took his gun and left home to go hunting; that in
a few moments the mother of appellant's wife called her over the
phone and stated that a sister of the mother was dead and that
she wanted Mrs. Inman, wife of appellant, and her husband to
come over to her house and stay while she was gone to the funeral;
that she started immediately over to her mother's home, the wife
of appellant being a sister of prosecutrix, and that the route lay
through the fields, and when she got within about a quarter of a
mile of her mother's home she saw appellant coming along a road
toward the home also; that she got about to the barn on said prem-
ises as appellant approached prosecutrix in front of the house, and
that when she reached them they were talking about the death of
the aunt; that appellant had only been gone from their home about
five minutes when she got the message from her mother, and he
could not have gone to the home of prosecutrix, outraged her and
gotten back to the point where she first saw him in the road; that
after talking with appellant, her husband, and prosecutrix, her
sister, for a while, that the absent wife would testify that appel-
lant then returned to their home to feed the stock and do up the
chores, and that he came back later and spent the night at the home
of prosecutrix. In the application for continuance it was stated
as accounting for the absence of appellant's wife, that she had
been exposed to measles, had a cold and was sneezing and had some
fever, and was about three months advanced in pregnancy. In
addition to the fact that no process or subpoena was attached to the
application, no testimony was proffered in support of the allegations,
and no certificate or affidavit of any physician was made a part of
said application, and same was overruled. The matters were again
brought forward in the motion for new trial and the court heard
evidence. It was shown that appellant's wife was in the county
of the prosecution, but no affidavit of hers was attached to the
motion for new trial. It is alleged in the application that process
was issued for her on the 29th of January to appear and testify
on the 31st. The application for continuance was filed and over-

ruled on the 31st. The trial seems to have been concluded and the verdict of the jury returned on the same day. The motion for new trial was traversed by the State. There was testimony tending to show that the wife of appellant was riding around the county in a car about the time of his trial, but there is some confusion in the testimony, and as we have decided the matter upon another point, we will not further advert to that fact. The motion for new trial being presented to the learned trial judge and evidence being heard, the matter was primarily for his decision. We ordinarily hold that unless satisfied that his discretion has been abused in some way, we should uphold his judgment. The rule of this court is that the facts adduced at the trial should be considered in connection with those things appearing in the motion for new trial, or shown in connection therewith, on the hearing, and unless on appeal this court is led to conclude that the testimony of the absent witness was so material, its truth so probable as to make it likely that a different result would be obtained on another trial, we would uphold the court's action.

We have above noted that no affidavit of the wife was attached to the motion stating that she would give the testimony expected of her, and it may not be amiss to call attention to the fact that while in his application for continuance appellant averred his wife was present a few minutes after he reached the home of prosecutrix and would swear to the facts she then saw and heard, yet in a written statement made by him to the county attorney, which the latter gentleman testified was taken down word for word as appellant made it, appears the following:

"I went over to Mr. Jim Lantrip's house a couple a months ago to get Lewis Lantrip to go bird hunting with me the next day. Florence was there by herself. She asked me to give her some. I told her that she was too small. We were out in front of the house at the time this conversation occurred. This was on the day that her auntie had died, and she told me to go back and tell my wife to come over there that night. I went back and before I got home they had done 'phoned my wife and she had already gone over there, so I then went back over there. The above is all that Florence said on the occasion mentioned, and all I said also."

The truth of this statement by appellant is wholly incompatible with the testimony he sets up as expected from his wife. It may also be stated in this connection that the presence of appellant's wife at or near the time of the alleged rape, was denied by prosecutrix. Now, referring to what was brought before the court in connection with the motion when presented, the mother of appellant's wife was permitted to testify that her said daughter Mrs. Inman had told her that appellant confessed that he was guilty of the whole thing; that he was to mean to live;  .   .   .   that if her father would help him

out of it, he would get on his knees before him and ask him to forgive him, and then he would leave. The mother testified that appellant's wife said nothing to her as to how she learned of the death of witness' sister on the day of the rape. A Mrs. Rider also swore on this hearing that appellant's wife told her in substance that pressure was being brought to bear on her by the defense in this case to get her to state that she went over to her mother's and that when she got there prosecutrix and appellant were standing out in front and that they talked of her aunt's death, etc. On cross-examination this witness said appellant's wife told her she was not going to tell any lies. These statements were before the court and in somewhat the same light as the affidavit of appellant's wife would have been, had same been attached to the motion for new trial. The trial judge was seeking light on the probable truth of the allegations of the motion and the expected testimony of the absent wife. The wife not having made any affidavit that she would swear as expected, and the other evidence making it improbable that the wife would so testify, fully justified the action of the court. We have carefully considered the record in the light of all the facts and do not think the action of the trial court any abuse of his discretion in overruling the motion for new trial.

The judgment will be affirmed.

*Affirmed.*